# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIMENSION SERVICE CORPORATION : | |
| : | Case No. 2:18-cv-489 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| BAYVIEW FORD LINCOLN, LLC, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter comes before the Court on Defendant's Motion to Dismiss. (ECF No. 14). For the reasons below, Defendant's Motion is **GRANTED in part and DENIED in part**.

### I.     BACKGROUND

Plaintiff, Dimension Service Corporation, is an Ohio corporation that concluded a series of contracts with Defendant, Bayview Ford Lincoln, LLC, an Alabama limited liability company. Plaintiff alleges several breaches of contract by Defendant. These contracts were concluded in 2001 and 2006. The earlier contracts include a provision designating "a court of competent jurisdiction within the State of Ohio, County of Franklin" as the location where any disputes shall be resolved. The 2006 contract similarly has a choice-of-forum clause designating "a court of competent jurisdiction with venue in the State of Ohio, County of Franklin."

But the 2006 agreement also has an arbitration and a mediation provision. The latter provides that the parties "shall engage in mediation pursuant to the American Arbitration Association Commercial Mediation Rules, or other such mediation as the parties may otherwise agree to choose." Then, "if the above stated mediation is unsuccessful," the contract provides

that "the dispute shall be submitted to arbitration" and details the procedure by which arbitrators shall be chosen.

The two parties did earlier engage in an arbitration process, although Defendant sought to have claims relating to the 2006 agreement dismissed from arbitration because the required mediation had yet to occur. (ECF No. 14 at 8). Plaintiff now brings this suit alleging breach of contract, and Defendant has moved to dismiss, arguing this Court lacks jurisdiction because of the arbitration clause in the 2006 agreement.

## II. STANDARD OF REVIEW

Before a court may determine whether a plaintiff has failed to state a claim upon which relief may be granted, it must first decide whether it has subject matter jurisdiction. *City of Health, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). In reviewing a factual attack on subject matter jurisdiction under Rule 12(b)(1) no "presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### III. ANALYSIS

#### 1. *The Validity of the Agreements*

The first question for this Court is which agreements are still in force. Defendant argues that the 2006 agreement, by its terms, invalidated the prior contracts between the parties. Because the 2006 agreement has the arbitration (and mediation) provision, Defendant argues the parties should be proceeding via arbitration. Plaintiff argues that the 2006 agreement did not invalidate the earlier two agreements. The relevant language in the 2006 agreement is:

> This Agreement constitutes the entire agreement between the parties with respect to the matters contained herein, and no prior agreement or understanding pertaining to any such matter shall be effective for any purpose.

(ECF No. 1, Ex. 2B). Defendant argues that the phrase "no prior agreement or understanding" has the effect of invalidating the earlier agreements between the parties.

While that is one possible conclusion from the contract language, it is also possible to conclude that this language constitutes an integration clause. Generally,

> [w]hen two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.

3A Corbin, *Contracts* § 573 at 357 (1960). In Ohio, the parol evidence rule means that, "absent fraud, mistake or other invalidating cause, prior or contemporaneous oral agreements may not be used to alter, contradict, contest, or vary an integrated written agreement." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 455 (6th Cir. 2005).

The language of the 2006 agreement could be reasonably understood as an integration clause. While Defendants emphasize the words "no prior agreement or understanding…shall be effective," Plaintiffs emphasize "entire agreement with respect to the matters contained herein." If this paragraph constitutes an integration clause, these phrases make a cohesive whole: with

respect to the matters at issue in the 2006 agreement, the parties' negotiations are reduced to paper and no other outside evidence on those topics is valid.

Further support for this reading comes from the fact that the three agreements were concluded by different sets of parties. While Bayview Ford Lincoln Mercury is the "Seller" in each instance, the "Company" varies across the three agreements: Amerigard; Dimension Service Corporation d/b/a Amerigard; and Dimension Service Corporation d/b/a Performance First. If the contracts are in fact about different product lines, as Plaintiff argues (ECF No. 18 at 5), this would be further evidence that each contract stands on its own. It is therefore logical to understand each contract as reducing the negotiations to paper. It would be a sweeping step for the 2006 agreement to invalidate all contracts that might exist, between different parties, and without an explicit statement indicating the agreement of all parties to such a maneuver. This Court finds that the clause at issue in the 2006 agreement functions as an integration clause, not as a provision to invalidate the earlier agreements. As a result, the 2006 agreement did not invalidate the earlier agreements.

2. *The Arbitration Provision*

The 2006 agreement provides that the parties shall first mediate any disputes, and then seek arbitration, before turning to litigation. Such agreements to arbitrate are generally enforceable.

Arbitration "is a matter of contract." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Under the Federal Arbitration Act ("FAA"), arbitration contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). If a party who signed an arbitration contract fails or refuses to arbitrate, the aggrieved party may petition the court for an order directing the

parties to proceed in arbitration in accordance with the terms of an arbitration agreement. 9 U.S.C. § 4 (2012). The Court must then "determine whether the parties agreed to arbitrate the dispute at issue." *Ackison Surveying, LLC v. Focus Fiber Sols., LLC*, 2016 WL 4208145, at *1 (S.D. Ohio 2016) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* at *1. *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). In evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 930 (S.D. Ohio 2014). Finally, "state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004).

At one point in the arbitration proceedings, Defendant sought to have certain of Plaintiff's claims dismissed. Plaintiff argues this indicates Defendant is not behaving consistent with any reliance on the arbitration provision. (ECF No. 18 at 9). But Defendant responds that it sought dismissal because the 2006 agreement requires mediation before arbitration and no such mediation has occurred. As a result, this Court finds that the arbitration provision in the 2006 agreement is enforceable. The parties shall first mediate and then arbitrate disputes arising from the 2006 agreement, although, as the contract provides, they may return to court if these processes prove unsuccessful at resolving the dispute.

### 3. *Fees*

Defendant argues for fees pursuant to the 2006 agreement, which provides,

> In the event of any legal proceeding to enforce or defend any rights under this Agreement, the prevailing party shall be entitled to receive from the nonprevailing party all reasonable, expenses [sic] and attorney's fees actually incurred by the prevailing party in connection therewith.

However, Plaintiff correctly notes that neither party is properly a "prevailing" or "nonprevailing" party at this stage of the process. Defendant's request for fees is denied without prejudice, and the motion may be renewed at the conclusion of the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the contested language of the 2006 agreement does not serve to void the earlier contracts but rather operates as an integration clause. However, the 2006 arbitration provision is also valid and enforceable. In accordance with the agreement, the parties shall mediate, and then arbitrate, their disputes under the contract, and may return to this Court to resume litigation if those proceedings are unavailing.

Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED**. Defendant's request to arbitrate the 2006 agreement is granted. Defendant's request for fees is denied without prejudice. Defendant's prior Motion to Dismiss (ECF No. 7) is **dismissed as moot**. *See generally Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (declaring the first complaint moot after the amended complaint is filed and accepted).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 14, 2019**